UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PHILIP J. HAHNFELDT, PHD, | ) ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | Civil No. 16-11953-LTS |
| HAROLD B. MURPHY, Trustee, | ) ) ) | |
| Appellee. | ) ) | |

ORDER

May 18, 2017

SOROKIN, J.

FACTS

Genesys Research Institute (GRI) is a Massachusetts nonprofit formed under Mass. Gen. Laws ch. 180. RA[1] at 26. GRI conducted and facilitated clinical and other research projects in health care and life sciences. RA at 26–27. GRI was primarily funded by government research grants. RA at 27. On July 14, 2015, GRI filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts. Doc. No. 4 at 2. The automatic stay went into effect at that time and at no point has it been lifted. On October 16, 2015, on motion by the Office of the United States Trustee, the Court appointed trustee Harold Murphy. RA at 27.

The Court need not delve into the minutiae of all of the Bankruptcy Court proceedings and will offer an overview only of matters relevant to this Order. Among other actions, the

---

[1] RA refers to the record appendix, Doc. Nos. 8-2, 8-2. SRA refers to the supplemental record appendix, Doc. No. 9-3.

1

Trustee sold GRI's tangible assets including certain research equipment and ensured the proper disposal of biological materials, all with the approval of the Bankruptcy Court. This approval was gained through two motions, the "Disposition Motion" and the "Settlement Motion," both filed on March 25, 2016. RA at 3. Philip Hahnfeldt, Ph.D., a former research scientist at GRI, objected to the motions and the Trustee responded. RA at 3–4; SRA at 127. The Bankruptcy Court allowed the Settlement Motion over Hahnfeldt's objection on May 19, 2016, SRA at 1, and allowed the Disposition Motion on May 21, 2016, SRA at 49.

On May 24, Hahnfeldt filed an Emergency Motion to Reconsider both the Settlement and Disposition Motions. SRA at 54. Hahnfeldt's Motion argued, as he had in previous filings, that the assets in question were not available to the bankruptcy estate until state *cy pres* law was adequately addressed. Hahnfeldt argued that state law required the Trustee to seek a *cy pres* deviation from the Massachusetts Supreme Judicial Court before he could dispose of the research equipment and biological materials. On May 27, Hahnfeldt appealed the Disposition and Settlement Orders to the Bankruptcy Appellate Panel for the First Circuit.[2] SRA at 69.

On June 24, the Bankruptcy Court denied the Emergency Motion to Reconsider in a lengthy memorandum. SRA at 121. The Bankruptcy Court ruled that Hahnfeldt lacked standing to seek *cy pres* relief. SRA at 161–62. The Bankruptcy Court further noted that the Massachusetts Attorney General, the party statutorily charged with overseeing nonprofit institutions, had not filed a *cy pres* action in the case and had not objected to either the Settlement Motion or Disposition Motion despite being involved in the case. SRA at 162. The

---

[2] The outcome of this proceeding was not included in the record. From the Trustee's assertions, however, it appears that the Bankruptcy Appellate Panel dismissed the appeal of both Orders and Hahnfeldt appealed to the First Circuit where briefing is currently underway. Doc. No. 9 at 4 n.3.

Bankruptcy Court also found that Hahnfeldt had failed to establish standing to act on behalf of the Attorney General for the Commonwealth of Massachusetts. SRA at 171.

On June 27, Hahnfeldt filed a second Emergency Motion to Reconsider. SRA 186. The Bankruptcy Court denied that Motion on June 29 for the same reasons it denied Hahnfeldt's first Motion. SRA 217. On July 1, Hahnfeldt filed a statement with the Bankruptcy Court again bringing up the *cy pres* issue. SRA at 218. On July 5, the Massachusetts Attorney General responded and attached an email sent to Hahnfeldt in which an Assistant Massachusetts Attorney General stated that the Massachusetts Attorney General's office considered the Bankruptcy Court's order "consistent with applicable Massachusetts charities law." SRA at 225, 230. The pleading noted that the *cy pres* doctrine did not apply to the biological samples or research equipment because state law excluded "program-related assets," meaning "an asset held by an institution primarily to accomplish a charitable purpose of the institution and not primarily for investment." SRA at 225–26 (quoting Mass. Gen. Laws ch. 180A § 1). At this point, no motions were pending on the *cy pres* issue though this notice and response were both before the Bankruptcy Court.

On July 14, Hahnfeldt filed an emergency petition with the Supreme Judicial Court in which he requested that Court to enjoin GRI from disposing of the biological samples and research equipment. SRA at 236. On July 15, Trustee's counsel sent Hahnfeldt a letter stating the petition violated the automatic stay issued by the Bankruptcy Court, requested that Hahnfeldt immediately withdraw the petition, and notified Hahnfeldt that the Trustee intended, unless Hahnfeldt dismissed his petition by noon on July 18, to seek sanctions for this violation of the automatic stay and failure to seek the leave of the Bankruptcy Court to file the petition. SRA at 255–56. Hahnfeldt did not dismiss the petition. On July 18 the Trustee filed an emergency

motion with the Bankruptcy Court for an order to show cause why Hahnfeldt should not be held in contempt for violating the automatic stay. SRA at 231. The following day, July 19, the Bankruptcy Court issued an Order to show cause why Hahnfeldt "should not be sanctioned for commencing an action in violation of the automatic stay and the Barton doctrine and why he should not be ordered to pay actual damages, including the Chapter 11 Trustee's legal fees relating to this Motion."[3] SRA at 257. On July 20, the Supreme Judicial Court denied the petition without a hearing and, it appears from the record, without an opinion. RA at 104.

Also on July 20, Hahnfeldt filed a response to the Show Cause Order stating that the regulatory powers exception to the automatic stay applied. RA at 105. He made no mention of *ultra vires* actions by the Trustee. On July 21, the Trustee replied. RA at 112. On July 22, Hahnfeldt filed a "Motion to the Court Regarding its Order and Response to Trustee Reply to Hahnfeldt's Response to Trustee's Show-Cause" raising the *ultra vires* issue, claiming that the Trustee was acting outside the scope of his authority in treating the biological materials and research equipment as part of the bankruptcy estate. RA at 117 (citations omitted). On July 26, the Trustee replied. SRA at 258. On the same day, Hahnfeldt filed a further reply. SRA at 263.

On August 1, the Bankruptcy Court found "that the bankruptcy estate ha[d] been injured by Hahnfeldt's willful violation of the automatic stay and his violations of orders of this Court, and the Court orders Hahnfeldt to pay the Trustee's reasonable attorney's fees incurred in defending the automatic stay and orders of this Court from his Petition filed in the Supreme Judicial Court." SRA at 268. After consideration of the Trustee's statement on fees, on September 13 the Bankruptcy Court ordered Hahnfeldt to pay $10,829.50 to the Trustee's

---

[3] The Barton doctrine refers to the "general rule that before suit is brought against a receiver leave of the court by which he was appointed must be obtained." Barton v. Barbour, 104 U.S. 126, 128 (1881).

counsel as the reasonable expenses incurred in connection with the Supreme Judicial Court petition. RA at 13; SRA at 269.

ANALYSIS

A violation of the automatic stay must be willful or the violator cannot be held liable for damages. 11 U.S.C. § 362(h). Whether a party has willfully violated the automatic stay is a question of fact reviewed for clear error. In re McMullen, 386 F.3d 320, 330 (1st Cir. 2004). The amount of sanctions is reviewed for an abuse of discretion. In re Miller, 730 F.3d 198, 203 (3d Cir. 2013).

"The standard for a willful violation of the automatic stay under [11 U.S.C.] § 362(h) is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." Fleet Mortg. Grp., Inc. v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999). "In cases where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate." Id. Hahnfeldt does not contest that he received actual notice of the stay and his extensive filings in the Bankruptcy Court would belie any assertion that he was unaware. Indeed, he was an active participant in the proceedings before the Bankruptcy Court in which the trustee sought permission from the Bankruptcy Court, over his objection, to dispose of certain assets. Filing the petition with the Supreme Judicial Court was certainly not an inadvertent act. He intentionally filed the petition. He intentionally aimed the petition at assets of the estate. He intentionally sought, in this new state action, an order from the state court aimed at obtaining the relief denied to him, repeatedly, by the Bankruptcy Court. The Bankruptcy Court did not clearly err in finding a willful violation of the automatic stay. The Court notes that filing a new petition in state court to restrain the sale of assets ordered sold by the Bankruptcy Court over the filer's

objection is a plain violation of the automatic stay. Thus, unless an exception applies, Hahnfeldt's action constitutes a sanctionable willful violation of the automatic stay.

Hahnfeldt argues in his brief that the regulatory powers exception to the automatic stay applies to his actions.[4] Under this exception, "[t]he filing of a [bankruptcy] petition . . . does not operate as a stay . . . of the commencement or continuation of an actions or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power." 11 U.S.C. § 362(b)(4). In the definitions section of the Bankruptcy Code, "governmental unit" is defined as "United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this titles), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government." 11 U.S.C. § 101(27).

Hahnfeldt is, obviously, not a "governmental unit." Hahnfeldt argues that the exception applies because the Supreme Judicial Court is a regulatory body and so, regardless of the automatic stay, he is able to petition the Supreme Judicial Court so that it would exercise its

---

[4] Hahnfeldt also focuses considerable portions of his brief on arguing that the *cy pres* doctrine applies and that the Bankruptcy Court's order on the disposition of charitable assets is wrong. This Court is tasked with reviewing the Bankruptcy Court's order of sanctions. Thus, this Court will not delve into underlying *cy pres* argument. The issue here is whether Hahnfeldt willfully violated the Bankruptcy Court's order and the appropriateness of monetary sanctions; if Hahnfeldt wants to challenge the *cy pres* issue, he must do so in an appropriate forum. Any error by the Bankruptcy Court—and the Court sees no error—would not absolve Hahnfeldt of his responsibility to follow the order pending appeal. See Acevedo-Garcia v. Vera-Monroig, 368 F.3d 49, 58 (1st Cir. 2004) ("It is well-settled that a party is not free to violate a court order simply because it believes (correctly or not) that the order is invalid.").

regulatory powers. He points to In re McMullen, 386 F.3d 320 (1st Cir. 2004), to support his argument. In re McMullen, however, does not support Hahnfeldt's assertions. In In re McMullen, buyers in a failed real estate transaction submitted a complaint against the debtor, a real estate agent acting as their broker for the transaction, before a state regulatory agency, to the Massachusetts Division of Registration for Real Estate Agents. Id. at 323. The buyers had notice of the bankruptcy proceeding. Id. The First Circuit stated that "[a]lthough we broadly construe the automatic stay in many contexts, the same sound public policy reasons which undergird the subsection 362(b)(4) exception counsel against any rule which might dissuade private parties from providing governmental regulators with information which might require enforcement measures to protect the public from imminent harm." Id. at 328. The In re McMullen Court differentiated between "[a] private party's reporting of wrongful conduct to governmental regulatory authorities" and "the commencement of a proceeding under subsection 362(a)(1)" or "an 'act to collect' under subsection 362(a)(6)." Id. The buyers were not sanctioned for willful violation of the automatic stay because the state regulatory proceeding was not restricted by the automatic stay.

Here, the situation is vastly different. Hahnfeldt petitioned the Supreme Judicial Court in its adjudicative, judicial function: he filed a petition with a court seeking an injunction restraining the sale of certain property. Hahnfeldt asked the Supreme Judicial Court to act as a court, not a regulatory body. The regulatory exception does not apply. Hahnfeldt commenced a proceeding as described in 11 U.S.C. § 362(a)(1) in violation of the automatic stay. Section 362(a)(1) notes that the automatic stay applies to "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the

7

commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." Hahnfeldt's actions fall squarely within that subsection.

The *ultra vires* exception similarly does not apply. Under Barton v. Barbour, 104 U.S. 126 (1881), "[i]t is a general rule that before suit is brought against a receiver leave of the court by which he was appointed must be obtained." Id. at 128. Under the *ultra vires* exception, an injured party need not obtain the leave of the bankruptcy court before bringing suit if the trustee is acting outside the scope of his authority. The exception allows a suit where the trustee has seized property which is not properly a part of the estate. Here, the Trustee did not act outside the scope of his authority. This was not a case where a Trustee unilaterally took possession of assets he wrongly believed to be a part of the estate. See Leonard v. Vrooman, 383 F.2d 556, 560 (9th Cir. 1967). He acted according to the Disposition and Settlement Orders of the Bankruptcy Court. Following the orders of the Bankruptcy Court is within the scope of the Trustee's authority. Though more may not be necessary, there is further support for the order under review here. The Massachusetts Attorney General, the state official charged with enforcing state *cy pres* law, declined to object to the Bankruptcy Court rulings.

Finally, "[i]n reviewing the appropriateness of a sanction, an appellate court should 'defer, within broad limits, to the [lower] court's exercise of its informed discretion,' yet still 'be careful not merely to rubber stamp' the decision below." In re 1095 Commonwealth Corp., 236 B.R. 530, 538 (D. Mass. 1999) (quoting Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992)) (alteration in original). "So long as the sanction selected is 'appropriate,' [the rules] place virtually no limits on judicial creativity." Id. (quoting Anderson v. Beatrice Foods Co., 900 F.2d 388, 394 (1st Cir 1990) (alteration in original). Here, the Bankruptcy Court's order sets out each

8

action taken as a result of Hahnfeldt's willful violation of the automatic stay, SRA at 269–71, and includes an itemized list of the attorneys' fees incurred, SRA at 273–74. The sanction of attorneys' fees of $10,829.50 is appropriate and is not an abuse of discretion.

## CONCLUSION

The Court AFFIRMS the decision of the Bankruptcy Court. Hahnfeldt's Emergency Motion for a Stay of Execution of Judgment Pending Appeal, Doc. No. 5, is DISMISSED AS MOOT.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge