**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CL
'17 JUN 30
U.S. DI
DIS

---

## CASE NO. 16-11953

---

BANKRUPTCY CASE #15-12794-JNF

---

GENESYS RESEARCH INSTITUTE, INC.,
Debtor

---

PHILIP J. HAHNFELDT, PH.D.,
Appellant

v.

HAROLD B. MURPHY, Chapter 11 Trustee
Appellee.

---

## STATEMENT OF ISSUES PRESENTED ON APPEAL

---

FOR THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

CASE #17-1618

---

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, appellant Philip J. Hahnfeldt, Ph.D., respectfully submits the following statement of issues presented on appeal:

1) Whether the finding of contempt for reason of violation of the automatic stay, 11 U.S.C. §362(a)(3) and the *Barton Doctrine* is in error, given that the subject action invoked by the Appellant—a petition to the Supreme Judicial Court to exercise its authority to approve or disapprove an intended mass liquidation action of a charitable nonprofit—fell under the 'invocation of the regulatory powers' exception to the automatic stay, 11 U.S.C. §362(b)(4). In the Appellant's state court petition forming

the basis for the Defendant's allegation, since any enjoining action that might result therefrom was predicated strictly on that regulatory authority (in this case, the state Supreme Judicial Court) deeming the assets to not be within the estate pursuant to state charities law, any potential action would have been automatically out of the purview of the *Barton Doctrine*, insofar as that doctrine deals specifically with attempts to control the Trustee's handling of *assets of the estate* (the bankruptcy court itself had not ruled on the estate possession issue).

2) Whether the bankruptcy court erred in "contextualizing" the appellant's argued invocation of the regulatory powers exception to the automatic stay, 11 U.S.C. §362(b)(4), with matters currently before the bankruptcy court. Being a regulatory powers enforcement tool that generally comes outside of the proceeding, it is axiomatic its use cannot depend on the whims of the bankruptcy proceeding into which it enters, contrary to what the Appellee, the bankruptcy court and the district court all represent (in fact, each devoted most of their analyses to the supposed effect of bankruptcy context on the legitimacy of the exercise). But there are in fact two, *and only two*, defining tests for applicability of 11 USC §362(b)(4), and *neither* is contingent on the deliberations of the court into which it enters:

a) The standard of the "public policy test" asks whether the regulatory intervention sought "was designed to serve—and did in fact principally serve—to protect the public in the future, rather than to seek recompense for the alleged financial losses sustained by [the petitioner]", and whether the state body's power "plainly implement[ed]" state policy, lacking the power to make the debtor agent pay damages to [the petitioner], distinguishing the action from a personal claim against the estate (see *McMullen v. Sevigny (In re McMullen)* 386 F.3d 320 (1st Cir. 2004)). An action by a governmental entity that effectuates public policy is excepted from the stay (*Chao v. Hospital Staffing Services, Inc.,* 270 F.3d 374, 384 (6th Cir.2001)).

b) The related pecuniary purpose test asks whether the relief sought is primarily aimed at monetarily benefiting the petitioner. If this is not the case (as here), then the action passes this category of the two-part test.

Moreover, *a warning against a bankruptcy court "contextualizing" to its own proceedings the question of applicability of 11 U.S.C. §362(b)(4) comes from the US Supreme Court*. In the case *Board of Governors of the Fed. Reserve Sys. v. MCorp Fin., Inc.*, 502 U.S. 32 (1991), the defendant MCorp argued that for an action to come within the ambit of 11 U.S.C. §362(b)(4), the court must first determine whether the proposed exercise of police or regulatory power is legitimate. But the court disagreed, finding that such a reading would require bankruptcy courts to "scrutinize the validity of every administrative or enforcement action brought against a bankrupt entity," thus conflicting with the "limited authority Congress has vested in bankruptcy courts." It is concluded that to construe any order of the bankruptcy court as in any way limiting the Plaintiff's right to act under 11 U.S.C. §362(b)(4) would concede a 'legitimacy review' jurisdiction *where it does not exist* in an Article III venue.

3) Whether the district court erred in deciding in its order that a court, in its adjudicative capacity, is acting as a "court" and therefore cannot be acting as a regulatory body as a matter of principle. But there is an abundance of case law directly refuting the district court's position (see *Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993); *O'Brien v. Fischel*, 74 B.R. 546, 551 (D. Haw 1987)), common cases in point being the court's routine use of 11 USC §362(b)(4), to enforce sanctions against a debtor. Although these cases were cited in the brief, the district court appears to have disregarded them.

4) As a separate, independent argument for the inapplicability of the automatic stay in this case, it is settled that the state courts have concurrent jurisdiction to determine the applicability of the automatic stay, and that the federal courts, with the exception of the US Supreme Court, have original, but not appellate, jurisdiction over the state courts. See e.g. *Siskin v. Complete Aircraft Services Inc.* (*In re Siskin*) 258 B.R. 554 (Bankr. E.D.N.Y. 2001); *In re Glass*, 240 B.R. 782, 785 (Bankr. M.D. Fla.

1999); *Singleton v. Fifth Third Bank of Western Ohio* (*In re Singleton*), 230 B.R. 533, 538 (Bankr. 6th Cir. 1999)); *In re Ivani*, 308 B.R. 132 (Bankr. E.D.N.Y. 2004). That said, any action the state court takes, *once properly apprised of the bankruptcy proceeding (as it was)*, will take into account its jurisdiction. Thus, a charge of contempt for a "willful violation of the automatic stay" pursuant to the appellant's SJC petition, insofar as the charge would effectively deny the informed state court's concurrent jurisdiction under 28 USC §1334(b) (see *Siskin v. Complete Aircraft Services Inc.* (*In re Siskin*), 258 B.R. 565 (Bankr. E.D.N.Y. 2001)), is unsustainable, notwithstanding how any underlying dispute over the stay's reach is ultimately resolved between the two tribunals.

For all of the above reasons, the Appellant argues his actions were not subject to the automatic stay, and the contempt finding should be overturned.

Respectfully,

Philip Hahnfeldt, Ph.D.
12 Russell Rd Unit 405
Wellesley, MA 02482

## CERTIFICATE OF SERVICE

I, Philip J. Hahnfeldt, do hereby certify that notice and copies of the **Statement of Issues Presented on Appeal, Case No. 17-1618,** have been sent by postal mail to the parties listed on the service list below.

Philip J. Hahnfeldt
hahnfeldt@cancer-systems-biology.org
12 Russell Rd., Unit 405
Wellesley, MA 02482-4330
781-354-1597

DATED: June 30, 2017

### Postal Mail Notice List

*Chapter 11 Trustee*:

Harold B. Murphy
Murphy & King, P.C.
One Beacon Street
21st Floor
Boston, MA 02108